UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

_____

| | |
|---|---|
| JOYCE C. STAPLES | CIVIL ACTION NO. 04-CV-2607-A |
| -vs- | JUDGE DRELL |
| BRIAN RECKAMP, GREGG RAIFF, PROCTOR AND GAMBLE PINEVILLE, CEO PROCTOR AND GAMBLE PINEVILLE AND PROCTOR AND GAMBLE, INC. THROUGH ITS CEO AND BOARD OF DIRECTORS | MAGISTRATE JUDGE KIRK |

R U L I N G

Before the Court is Defendant Proctor & Gamble Manufacturing Company's Motion for Judgment on the Pleadings or in the Alternative for Summary Judgment. (Doc. 27).[1] Defendant seeks dismissal of all claims made under state and federal law, except any federal race and disability claims that were timely filed. (Doc. 27). Plaintiff Joyce C. Staples opposes the Motion. (Doc. 29). After reviewing the pleadings and the applicable law, Defendant's Motion is GRANTED. A separate judgment will issue accordingly.

---

[1] The motion was filed by Defendants Proctor & Gamble Manufacturing Company, Harry Reynolds, Brian Reckamp, Greg Raiff, and Todd Hoffman on June 28, 2005. On August 1, 2005 this Court dismissed all claims against Harry Reynolds, Brian Reckamp, Greg Raiff, and Todd Huffman with prejudice. Therefore, Proctor & Gamble Manufacturing Company is the only remaining defendant bringing this motion.

Background

Ms. Staples brought suit against Proctor & Gamble Manufacturing Company (hereinafter P&G) alleging P&G discriminated against her because of her sex, race, and disability in violation of the Civil Rights Act of 1965, 42 U.S.C. § 2000e *et seq.* (hereinafter Title VII), and the Americans with Disabilities Act, 29 U.S.C. § 12101 *et seq.* (hereinafter ADA). She also claims P&G discriminated against her on the basis of her race and sex in violation of the Louisiana Employment Discrimination Law, LSA-R.S. 23:301 *et seq.*

Plaintiff, an African-American female, was employed by P&G from June 18, 1990 probably through December 2002.[2] (Doc. 1). While employed with P&G, Ms. Staples experienced an allergic reaction to the chemical enzymes in a laundry detergent she was required to handle as part of her job. (Doc. 1). She claims she informed her supervisors about the problem, but no attempts were made to place her in another job. (Doc. 1). She posits that other appropriate positions were available and that other similarly situated Caucasian employees were accommodated. (Doc. 1). Instead, pursuant to her doctor's instructions, Ms. Staples was placed on paid disability from September 2000 through her termination in December 2002. (Doc. 27, Exh. 7).

---

[2] Inexplicably, among the parties, confusion appears to surround Ms. Staples' termination date. In her complaint, Ms. Staples states that she was employed through December 11, 2001. (Doc. 1). In her Opposition to Summary Judgment, she claims she was terminated on December 27, 2002. (Doc. 29). In the present Motion before the Court, Defendant alleges P&G terminated Ms. Staples effective December 12, 2002 and notified her of this termination in October 2002. (Doc. 27).

Ms. Staples filed a complaint with the Equal Employment Opportunity Commission (hereinafter EEOC) on October 22, 2003, alleging she had suffered race and disability discrimination. At that time she did not indicate that she was a victim of sex discrimination. (Doc. 27). After completing the administrative remedy process, she received a right to sue letter and subsequently filed suit on August 31, 2004. (Doc. 1).

Law and Analysis

I.     Standard for Judgment on the Pleadings

A motion for judgment on the pleadings is treated as a motion under Federal Rule of Civil Procedure 12(c). The standard for dismissal under Rule 12(c) is the same as that under Rule 12(b)(6). Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004). Rule 12(b)(6) allows a party to petition the Court to dismiss an action on the grounds that the Plaintiff fails "to state a claim upon which relief can be granted." The question the Court must consider when ruling on a Rule 12(b)(6) motion is: "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999).

II.    Standard for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure mandates that a summary judgment

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file . . . together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.

If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. Eason v. Thaler, 73 F.3d 1322 (5th Cir. 1996)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986)). In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157 (5th Cir. 1959). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969 (5th Cir. 1992).

III.    Louisiana Employment Discrimination Law Claims

P&G asserts that Ms. Staples' claims under the Louisiana Employment Discrimination Law are prescribed because she did not file her complaint within 18 months of her termination, as the law requires. (Doc. 27). Plaintiff concedes that these claims are time barred. (Doc. 29). As Ms. Staples agrees that her claims against P&G for violation of the Louisiana Employment Discrimination Law are prescribed, they will be dismissed with prejudice.

IV.     Title VII Sex Discrimination Claim

P&G asserts this Court lacks subject matter jurisdiction over Ms. Staples' Title VII sex discrimination claim because she failed to exhaust her administrative remedies with respect to any sex discrimination claim. (Doc. 27). Plaintiff concedes she did not pursue such administrative remedies and, therefore, this Court lacks subject matter jurisdiction. (Doc. 29). Because Ms. Staples agrees that we lack subject matter jurisdiction, her claim against P&G for sex discrimination in violation of Title VII will be dismissed with prejudice.

V.      Prescription of Acts Occurring More than 300 Days Before EEOC Charge was Filed

Defendant correctly asserts that both Title VII and the ADA require a plaintiff to file an EEOC charge within 300 days of the occurrence of an allegedly discriminatory act. 42 U.S.C. §2000e-5(e)(1); 42 U.S.C. § 12117(a). Plaintiff filed her EEOC Charge on October 22, 2003. This being so, Defendants claim that any ADA or Title VII claims based on acts occurring before December 26, 2002, 300 days before October 22, 2003, should be time barred. (Doc. 27). Plaintiff counters Defendant's allegations, claiming the continuing violation theory doctrine discharges her duty to establish that all complained of conduct occurred within the actionable period. (Doc. 29).

Although the Fifth Circuit previously recognized a "continuing violation" doctrine (see Celestine v. Petrleos de Venezuella S.A., 266 F.3d 343, 351 (5th Cir. 2001)), the Supreme Court's recent case Nat'l R.R. Passenger Corp. v. Morgan, 536

5

U.S. 101, 122 S.Ct. 2061 (2002) explains that Title VII does not include a continuing violation doctrine. Rather, the Court specifically held "that [Title VII] precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period." National Railroad, 536 U.S. at 105; 122 S.Ct. at 2068. An act occurs on the day it happens and a party must file his claim within either 180 or 300 days of the date of the act in order to recover for it. If a claim is not filed within the statutory time limitations, the claim is time barred. Id at 109, 2070. "Discrete acts that fall within the statutory time period do not make timely acts that fall outside of the time period." Id. at 112, 2071.

Because federal courts no longer recognize a continuing violation theory, Plaintiff's arguments encouraging us to adopt that line of cases cannot be accepted. Additionally, P&G presents evidence showing there is no genuine issue of material fact surrounding whether Ms. Staples filed her complaint within 300 days of the alleged violation. Defendant provided the Court with a copy of Ms. Staples' EEOC complaint, showing it was filed on October 22, 2003. (Doc. 27, Exh. 1). When the EEOC complaint is read in conjunction with 42 U.S.C. § 2000e-5(e)(1), 42 U.S.C. § 12117(a), and National Railroad, all stating a plaintiff must file his EEOC charge within 300 days of the alleged discriminatory act, the Defendant has shown there is no genuine issue of material fact as to whether Ms. Staples can bring claims for any discrimination allegedly occurring outside of the 300 day period. By showing there is no genuine issue of material fact, Defendant shifted the burden onto Ms. Staples to demonstrate that there is such

an issue. She failed to do so. With this failure of proof, we must grant Defendant's Motion for Summary Judgment as to alleged violations of Title VII and the ADA that occurred more than 300 days before Ms. Staples filed her EEOC charge. Any such claims will be dismissed with prejudice.

Conclusion

For the reasons given above, the following claims made by Plaintiff Joyce Staples against Defendant Proctor & Gamble Manufacturing Company will be dismissed with prejudice:

(1) Ms. Staples' claims that P&G violated the Louisiana Employment Discrimination Law;

(2) Plaintiff's claim that P&G discriminated against her because of her sex in violation of Title VII; and

(3) Ms. Staples' discrimination claims for acts occurring more than 300 days before she filed her EEOC Charge.

Any federal race and disability claims that were timely filed by Ms. Staples against P&G remain for later disposition and/or trial.

SIGNED on this 22nd day of December, 2005, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge